**In re EXXONMOBIL CORPORATION, et al., Relators.**

**In re Chevrontexaco Corporation, et al., Relators.**

**Nos. 07–04–0285–CV, 07–04–0286–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 19, 2004.

William Ikard, William W. Kilgarlin, Laurie Ratliff, Popp & Ikard LLP, Austin, Lynne Liberato, Alene Ross Levy, Haynes and Boone, LLP, M. Benjamin Singletary, Dennis Cameron, Lisa Silvestri, Gable & Gotwals, Tulsa, OK, John A. 'Jad' Davis, Turner Davis & Gerald, Midland, for relators.

E.R. Norwood, Cotton Bledsoe Tighe & Dawson, PC, Catherine Zabel, Houston, Shannon H. Ratliff, Bracewell & Patterson, L.L.P., Lisa A. Paulson, Ratliff Law Firm PLLC, Austin, Ed Kliewer III, Kliewer, Breen, Garatoni, Patterson & Malone, Inc., San Antonio, Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, Jack Balagia Jr., Mobil Oil Co., Litigation Houston, Macedon, NY, G. Luke Ashley, P. Jefferson Ballew, Adrienne E. Dominguez, Thompson & Knight, LLP, Dallas, Jasper G. Taylor III, Daniel M. McClure, Fulbright & Jaworski L.L.P., James D. Thompson III, Max Hendrick III, Vinson & Elkins L.L.P., H. Lee Godfrey, Thomas W. Paterson, William Christopher Carmody, William R.H. Merrill, Frank T. Apodaca, Susman Godfrey, LLP, Houston, Robert Duncan, Peter A. Lowy, Alexandria, LA, Donald M. Hunt, Lawrence M. Doss, Mullin Hoard & Brown, L.L.P., Lubbock, for real party in interest.

Kelly G. Moore, Brownfield, respondent.

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

## ORDER ON MOTIONS FOR ISSUANCE OF WRIT OF MANDAMUS

JAMES T. CAMPBELL, Justice.

On August 26, 2004, we issued an opinion and judgment in companion original proceedings, each seeking a writ of mandamus directing the Honorable Kelly G. Moore, judge of the 121st District Court, Yoakum County, to vacate a May 3, 2004, order denying pleas to the jurisdiction. *In re ExxonMobil Corporation,* No. 07–04–0285–CV; *In re ChevronTexaco Corporation,* No. 07–04–286–CV (Tex.App.-Amarillo August 26, 2004) (orig.proceeding). Finding the trial court lacked jurisdiction, we conditionally granted the petition for writ of mandamus, and directed the trial court to vacate its May 3 order and to dismiss the underlying suit. Our opinion stated this court's Clerk would be directed to issue the writ only in the event the trial court failed to comply with the opinion. *Id.* at 25.

On October 1, 2004, relators in docket number 07–04–0285–CV filed a motion asserting the trial court had failed to comply with our August 26th opinion and requesting issuance of the writ of mandamus. The motion also asserted the real parties in interest had not obtained a stay of this court's judgment and relators had moved for an order complying with our ruling. Relators acknowledged the trial court's delay in rendering an order of dismissal was to provide a reasonable opportunity for the real parties in interest to seek mandamus relief in the Texas Supreme Court. Without agreeing that delay was appropriate, relators argued the real parties in interest had been given a reasonable time to seek a stay in the supreme court and "no basis for further delay exists." Relators in docket number 07–04–0286–CV filed a similar motion on October 6.

In a response filed October 6, 2004, the real parties in interest reported filing a petition for writ of mandamus in the supreme court, with a request for temporary relief. The supreme court denied both the petition and the request for temporary relief on October 7, 2004.

We have received correspondence from Judge Moore that includes a copy of an "Order and Final Judgment" also signed October 7, vacating his May 3, 2004 order, granting defendants' pleas to the jurisdiction and dismissing the case. The trial court's October 7 order renders moot the pending motions for issuance of writ of mandamus, and they are dismissed.